IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DENZIL T. MOORE,**

        **Plaintiff,**

**v.**                                      **Civil Action No. 2:06cv71**
                                                **(Judge Maxwell)**

**FEDERAL BUREAU OF PRISONS,**
**HARRELL WATTS, KIM M. WHITE,**
**K. L. WENDT, RICHARD RAMIREZ,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On July 13, 2006, *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. On August 15, 2006, Plaintiff was granted permission to proceed as a pauper. Plaintiff paid an initial partial filing fee on August 21, 2006. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## I. The Complaint

In the complaint, Plaintiff asserts that the defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983 by denying him medical treatment in violation of the Eighth Amendment. In addition, Plaintiff seeks nonspecific injunctive relief. Plaintiff asserts that he is suing the defendants in both their individual and official capacities and that he has exhausted his administrative remedies.

In support of his claims, Plaintiff first asserts that he requested defendant Wendt obtain copies of his civilian medical records for placement in his federal medical files. Plaintiff asserts that he signed the appropriate release forms authorizing staff to obtain these records.

Second, Plaintiff asserts that although he is not in disagreement with defendant Ramirez's professional judgment, he believes that defendant Ramirez is misinterpreting certain laboratory tests received from the Federal Medical Center Clinical Laboratory. Moreover, Plaintiff asserts that defendant Ramirez has totally disregarded the results of those tests and failed to treat him.[1]

Third, Plaintiff states that he has been prescribed certain medications related to his urgent muscle cell damage, but that those medications were ineffective. Furthermore, Plaintiff asserts that the Defendants' deliberate indifference to his muscle cell damage has caused his premature dementia and major depression to exacerbate to the point of being life threatening.

Next, Plaintiff asserts that his rhabdomyolysis disease continues to elevate because defendant Ramirez refuses to treat the disease due to costs.

Finally, Plaintiff asserts that he continues to suffer pain and agony due to the defendants failure to acquire his civilian medical records and that the defendants deliberate indifference has caused his condition to deteriorate to the point where he experiences pain on a daily basis.

## II.  Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the

---

[1] In particular, Plaintiff asserts that Ramirez has disregarded his creatine kinas levels and that Ramirez failed to initiate treatment to avoid the subsequent depletion of ATP.  Plaintiff asserts he has a serious kidney condition and muscle damage, as well as other symptoms associated with those conditions. Plaintiff also asserts that the denial of treatment for his kidney and muscle conditions make him susceptible to other physical and psychological maladies which effect his lucidity.

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Analysis

**A. Claims Under § 1983**

Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

---

[2] Id. at 327.

Accordingly, by its terms, § 1983 applies only to state actors and has no application in this case, a case against a federal agency and its employees. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a claim for relief under § 1983 may be made only against persons who acted under color of *state* law) (emphasis added).

However, the United States Supreme Court has created a counterpart to § 1983 so that individuals may bring a suit against a federal actor for violating a right guaranteed by the United States Constitution or federal law. See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971). Accordingly, the Court will construe Plaintiff's claims against the defendants in their individual capacities as arising under Bivens.

## B. Official Capacity Claims

While Plaintiff states that he is suing the defendants in their official capacities as well as their individual capacities, the official capacity claims should be dismissed. A suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). A remedy under Bivens is against federal officials in their individual capacity, not the federal government. Id.

## C. Individual Capacity Claims

### 1. Federal Bureau of Prisons

A Bivens cause of action is only available against federal officers in their individual capacities, and not the federal agency which employs the persons acting under federal law. See

4

FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Thus, Plaintiff's Bivens claims against the Federal Bureau of Prisons ("BOP") must be dismissed.

**2. Defendants Francis and White**

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001) (internal citation omitted). Therefore, in order to establish liability in a Bivens case, Plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

In this case, Plaintiff fails to assert, much less establish, that either Defendants Francis or White had any personal involvement in any violation of his constitutional rights. Instead, it appears as if Plaintiff has merely named these parties due to their positions as the Warden of the Gilmer Federal Correctional Institution ("FCI-Gilmer") and as the BOP's Mid-Atlantic Regional Director, respectively. However, as the Court has already noted above, any official capacity claims against these defendants should be dismissed.[3]

---

[3] To the extent Plaintiff is asserting that defendant White was deliberately indifferent to his serious medical needs by denying his regional appeal, that claim is without merit. This is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1

### 3. Defendants Wendt and Ramirez

To state a claim under the Eighth Amendment for ineffective medical assistance, Plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of

---

(D.Md. March 31, 2003).

nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

With regard to defendant Wendt, Plaintiff asserts that defendant Wendt was deliberately indifferent to his serious medical needs by refusing to obtain copies of Plaintiff's civilian medical records. However, a review of Plaintiff's request for administrative remedy shows that defendant Wendt did not refuse to obtain the requested records. Instead, defendant Wendt informed Plaintiff that he would have to sign a release form in order for health services to obtain copies of the requested records. Complaint at Ex. A13. Further, defendant Wendt instructed Plaintiff that he should do so during Health Services Open House hours on Tuesdays and Thursdays. Id.

Moreover, even if defendant Wendt had refused to obtain the requested records, the

7

undersigned is of the opinion that this failure does not rise to the level of constitutional violation. Plaintiff does not assert that there was any information in the requested records which would have helped determine the course of his treatment. Additionally, it is clear from defendant Wendt's response to the Plaintiff's administrative grievance that there is a procedure for obtaining such records and that the medical department, not defendant Wendt, is responsible for obtaining these records. Therefore, Plaintiff has failed to show that defendant Wendt even had the ability to request such records. Accordingly, Plaintiff has failed to state a claim of deliberate indifference against Defendant Wendt and he should be dismissed as a defendant in this case.

As to defendant Ramirez, it appears as if defendant Ramirez was at least partially responsible for Plaintiff's health care at FCI-Gilmer. Moreover, Plaintiff asserts that defendant Ramirez ignored or misinterpreted lab results and caused Plaintiff unnecessary pain and agony. Plaintiff also asserts that defendant Ramirez provided him with either no medication or improper medication for his conditions. Accordingly, the undersigned is of the opinion that defendant Ramirez should be made to answer the complaint.

## D.  Request for Injunctive Relief

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

>   (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,
>   (2) the likelihood of harm to the defendant if the requested relief is granted,
>   (3) the likelihood that the plaintiff will succeed on the merits, and
>   (4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, plaintiff has failed to establish that he will be irreparably harmed if an injunction does not issue. In fact, Plaintiff does not even state why he seeks a preliminary injunction or what specific action he would like the Court to enjoin. Accordingly, Plaintiff's request for injunctive relief should be denied.

## IV. Recommendation

In consideration of the foregoing, the undersigned recommends:

(1) Plaintiffs' claims under 42 U.S.C. § 1983 be DISMISSED with prejudice;

(2) Plaintiffs' individual capacity claims be construed as claims arising under Bivens;

(3) Plaintiffs' official capacity claims be DISMISSED with prejudice;

(4) Plaintiffs' individual capacity claims against the BOP, Francis, White and Wendt be DISMISSED with prejudice;

(5) the United States Marshal be directed to serve a copy of the complaint, a completed summons, and a completed Marshal 285 Form on defendant Ramirez; and

(6) Plaintiffs' request for injunctive relief be DENIED without prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: October 16, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE